IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZANE HUBBARD,

        Plaintiff,

   v.

D. ROBERDS, et al.,

        Defendants.

No. 2:19-CV-1463-DMC-P

ORDER

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (ECF No.1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Zane Hubbard was a prisoner at California State Prison Sacramento in Represa, California. On November 8, 2016 Corrections Officer D. Roberds[1] allegedly took plaintiff's personal belongings consisting of one bag of coffee, deodorant, and aftershave lotion, and gifted them to other inmates. Plaintiff made an administrative appeal for the return of his property to Sergeant W. Sampley, who allegedly offered plaintiff one bag of coffee if he would dismiss the appeal. Plaintiff rejected the offer and his appeal was ultimately denied. Plaintiff alleges that his appeal was denied as a result of refusing Sampley's offer.

## II. DISCUSSION

As currently set forth, the Court finds that plaintiff's complaint fails to state a cognizable claim under § 1983. Plaintiff's Due Process claim lacks factual allegations that the deprivation of his property occurred as a result of some established state procedure. Also, plaintiff has failed to propose that the state-based remedies available to him were inadequate. Lastly, as to defendants D. Baughman and E. Rodriguez, plaintiff has failed to allege any sort of individual misconduct beyond their mere status as supervisors.

///
///
///

---

[1] The named defendant in plaintiff's complaint reads "D. Roberds" while the court's docket sheet reads "D. Rogerds." The Clerk of the Court will be directed to update the docket accordingly.

**A.     Due Process**

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property. See Bd. of Regents, 408 U.S. at 577. Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source – such as state law – and which secure certain benefits and support claims of entitlement to those benefits. See id.

In order to make out a claim under Section 1983 for deprivation of property without due process of law, an inmate must establish that the deprivation of property occurred as a result of some established state procedure. See Parratt v. Taylor 451 U.S. 527, 542 (1981). Where a prisoner alleges the deprivation of a liberty or property interest caused by the random and unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Here, plaintiff has not made sufficient factual allegations to support a 14th Amendment violation claim under the Due Process Clause. Plaintiff's claim stems from the alleged seizure of his personal property by Corrections Officer Roberds on November 8, 2016. However, plaintiff does not state any facts which would suggest Roberds took his property pursuant to a prison or state policy. No statements were made in the complaint which would indicate that Roberds was acting pursuant to any official rule. The complaint simply alleges that Roberds "stole" his property and redistributed it to other inmates at the prison. ECF No. 1, at 3.

Furthermore, plaintiff has not sufficiently stated facts which allege that the state's post-deprivation remedies are inadequate. As evidenced in his complaint, plaintiff was able to seek administrative relief, submitted a request for said relief, and ultimately appealed his request to the highest level available. ECF No. 1, at 3. However, no contentions were made that those

procedures were inadequate or that plaintiff lacked alternative avenues for relief.

If the deficiencies addressed above are not resolved, this claim cannot be deemed valid as against defendants Roberds or Sampley.

### B.     **Supervisory Liability**

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Here, plaintiff appears to allege that defendants D. Baughman and E. Rodriguez are liable as supervisory personnel—asserting that as supervisors, these defendants are liable for the conduct of their subordinates. This is a respondeat superior theory of liability, which is not cognizable under § 1983. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff's

///

4

complaint fails to allege any causal connection between these defendants' conduct and the alleged deprivation of his rights.

Plaintiff is advised that in amending the complaint, he should be cognizant of the legal standard related to supervisory liability, outlined above, and note that a supervisor can only be held liable for their own actions or inactions resulting in the violation of plaintiff's constitutional rights, not the actions or inactions of their subordinates.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to update the docket to reflect the correct spelling of defendant Roberds' name;

2. Plaintiff's complaint is dismissed with leave to amend; and

3. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: October 4, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE